# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

FALASHA ALI,

    Petitioner,

v.                                         CASE NO. 19-3013-JWL

NICOLE ENGLISH, Warden,
USP-Leavenworth,

    Respondent.

## MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241. Petitioner, a prisoner in federal custody at USP-Leavenworth, proceeds pro se. The Court has screened his Petition (Doc. 1) under Rule 4 of the Rules Governing Habeas Corpus Cases, foll. 28 U.S.C. § 2254, and dismisses this action without prejudice for lack of statutory jurisdiction.

**Background**

Petitioner was sentenced in the U.S. District Court for the District of Nevada on October 2, 2008, after pleading guilty on May 28, 2008. *USA v. Ali*, Case No. 2:06-cr-00160-APG-RJJ (D. Nev.) (Docs. 63, 68). Petitioner appealed the judgment on October 8, 2008, and the Ninth Circuit Court of Appeals dismissed the appeal "in light of the valid appeal waiver" on June 2, 2009. *Id*. at Docs. 72, 84. On June 2, 2010, Petitioner filed a motion under § 2255, and the motion was denied on November 17, 2010. *Id*. at Docs. 95, 106. Petitioner appealed the dismissal of his § 2255 motion, and the Ninth Circuit Court of Appeals denied his request for a certificate of appealability on December 20, 2011. *Id*. at Doc. 114. Petitioner filed a motion to set aside judgment, which

was denied and affirmed by the Ninth Circuit. *Id*. at Doc. 135.[1]

Petitioner previously filed a petition in this Court under § 2241, claiming actual innocence; ineffective assistance of counsel; his guilty plea was not knowingly, voluntarily and intelligently entered into; and cumulative trial errors. *See Ali v. English*, Case No. 17-3227-JWL. This Court dismissed the petition, finding that Petitioner failed to establish that the remedy provided in § 2255 was inadequate or ineffective to test the legality of his detention. *Id*. at Doc. 2. Petitioner appealed, and the Tenth Circuit Court of Appeals dismissed the appeal for lack of prosecution. *Id*. at Doc. 10.

In his current petition, Petitioner challenges the validity of his sentence as imposed. Petitioner claims actual innocence and questions the sentencing court's authority to issue writs of habeas corpus ad prosequendum in Case No. 06-cr-00160, while Petitioner was a pretrial detainee and not in state custody. (Doc. 1, at 2.) Petitioner claims that the writs, issued on May 24, 2006, and June 20, 2006, were illegal and invalid in violation of his Fifth Amendment due process rights. Petitioner claims that the U.S. District Court in Nevada relinquished jurisdiction by issuing multiple "unsigned"[2] and "invalid" writs of habeas corpus ad prosequendum pursuant to 28 U.S.C. § 2241(c)(5). Petitioner alleges that the government "loaned" him to a non-sovereign third-party FBI agent for a custodial interrogation and polygraph exam[3] without the benefit of counsel and with the use of "mental coercion" and force. (Doc. 1, at 5.)

---

[1] On June 21, 2016, Petitioner filed an application to file a second or successive motion under § 2255(h), based on *Johnson v. United States*, 135 S. Ct. 2251 (2015). *USA v. Ali*, Case No. 2:06-cr-00160-APG-RJJ (D. Nev.) (Doc. 161). The § 2255 motion was denied and Petitioner's request for a certificate of appealability was granted. *Id*. at Doc. 165. Petitioner filed a notice of appeal. *Id*. at Doc. 169.

[2] The Court notes that the "unsigned" writs that are attached to the Petition at Doc. 1–1 are actually the proposed orders attached to the petitions for writs in Petitioner's criminal case. *See* Docs. 6, 11 in Case No. 06-cr-00160-APG-RJJ-1 (D. Nev.). The actual writs, which are signed by the United States Magistrate Judge, are at Docs. 8, 15 and 16.

[3] Petitioner later asserts that "the polygraph exam never took place." (Doc. 1, at 12.)

**Analysis**

The Court must first determine whether § 2241 was the proper vehicle to bring Petitioner's claims. Because "that issue impacts the court's statutory jurisdiction, it is a threshold matter." *Sandlain v. English*, 2017 WL 4479370 (10th Cir. Oct. 5, 2017) (unpublished) (finding that whether *Mathis* is retroactive goes to the merits and the court must first decide whether § 2241 is the proper vehicle to bring the claim) (citing *Abernathy v. Wandes*, 713 F.3d 538, 557 (10th Cir. 2013)).

A federal prisoner seeking release from allegedly illegal confinement may file a motion to "vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). A motion under § 2255 must be filed in the district where the petitioner was convicted and sentence imposed. *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010). Generally, the motion remedy under 28 U.S.C. § 2255 provides "the only means to challenge the validity of a federal conviction following the conclusion of direct appeal." *Hale v. Fox*, 829 F.3d 1162, 1165 (10th Cir. 2016), *cert. denied sub nom. Hale v. Julian*, 137 S. Ct. 641 (2017). However, under the "savings clause" in § 2255(e), a federal prisoner may file an application for habeas corpus under 28 U.S.C. § 2241 in the district of confinement if the petitioner demonstrates that the remedy provided by § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

Section 2255 has been found to be "inadequate or ineffective" only in "extremely limited circumstances." *Abernathy*, 713 F.3d at 547, *cert. denied* 134 S. Ct. 1874 (2014) (citations omitted). "Only in rare instances will § 2255 fail as an adequate or effective remedy to challenge a conviction or the sentence imposed." *Sines*, 609 F.3d at 1073. A petitioner does not present one of these rare instances "simply by asserting his ability to file a § 2255 motion is barred by

3

timing or filing restrictions." *Crawford v. United States*, 650 F. App'x 573, 575 (10th Cir. 2016) (unpublished) (citing *Sines*, 609 F.3d at 1073; *Haynes v. Maye*, 529 F. App'x 907, 910 (10th Cir. 2013) (unpublished) (noting fact that § 2255 motion is time-barred doesn't render § 2255 remedy inadequate or ineffective); *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir. 1986) ("It is the inefficacy of the [§ 2255] remedy, not a personal inability to utilize it, that is determinative, and appellant's difficulty here is simply that his circumstances preclude him from invoking it.").

When a petitioner is denied relief on his first motion under § 2255, he cannot file a second § 2255 motion unless he can point to either "newly discovered evidence" or "a new rule of constitutional law," as those terms are defined in § 2255(h). *Haskell v. Daniels*, 510 F. App'x 742, 744 (10th Cir. 2013) (unpublished) (citing *Prost v. Anderson*, 636 F.3d 578, 581 (10th Cir. 2011)). Preclusion from bringing a second motion under § 2255(h) does not establish that the remedy in § 2255 is inadequate or ineffective. Changes in relevant law were anticipated by Congress and are grounds for successive collateral review only under the carefully-circumscribed conditions set forth in § 2255(h).

The Tenth Circuit has rejected an argument that the "current inability to assert the claims in a successive § 2255 motion—due to the one-year time-bar and the restrictions identified in § 2255(h)—demonstrates that the § 2255 remedial regime is inadequate and ineffective to test the legality of his detention." *Jones v. Goetz*, No. 17-1256, 2017 WL 4534760, at *5 (10th Cir. 2017) (unpublished) (citations omitted); *see also Brown v. Berkebile*, 572 F. App'x 605, 608 (10th Cir. 2014) (unpublished) (finding that petitioner has not attempted to bring a second § 2255 motion, and even if he were precluded from doing so under § 2255(h), that "does not establish the remedy in § 2255 is inadequate") (citing *Caravalho v. Pugh*, 177 F.3d 1177, 1179 (10th Cir. 1999) and *Prost*, 636 F.3d at 586). If § 2255 could be deemed "inadequate or ineffective" "any time a

4

petitioner is barred from raising a meritorious second or successive challenge to his conviction—subsection (h) would become a nullity, a 'meaningless gesture.'" *Prost*, 636 F.3d at 586; *see also Hale*, 829 F.3d at 1174 ("Because Mr. Hale cannot satisfy § 2255(h), he cannot, under *Prost*, satisfy § 2255(e), and § 2241 review must be denied.").

The Tenth Circuit has held that "it is the infirmity of the § 2255 remedy itself, not the failure to use it or to prevail under it, that is determinative. To invoke the savings clause, there must be something about the initial § 2255 procedure that *itself* is inadequate or ineffective for *testing* a challenge to detention." *Prost*, 636 F.3d at 589 (stating that "the fact that Mr. Prost or his counsel may not have *thought* of a *Santos*-type argument earlier doesn't speak to the relevant question whether § 2255 *itself* provided him with an adequate and effective remedial mechanism for testing such an argument"). "The savings clause doesn't guarantee results, only process," and "the possibility of an erroneous result—the denial of relief that should have been granted—does not render the procedural mechanism Congress provided for bringing that claim (whether it be 28 U.S.C. §§ 1331, 1332, 2201, 2255, or otherwise) an inadequate or ineffective *remedial vehicle* for *testing* its merits within the plain meaning of the savings clause." *Id.* (emphasis in original). Petitioner does not argue that he was prevented from making his arguments in his prior § 2255 motions, and nothing about the procedure of Petitioner's prior § 2255 motions prevented him from doing so.

In *Abernathy*, the Tenth Circuit noted that although other circuits "have adopted somewhat disparate savings clause tests, most requir[ing] a showing of 'actual innocence' before a petitioner can proceed under § 2241. . . . Under the *Prost* framework, a showing of actual innocence is irrelevant." *Abernathy*, 713 F.3d at n.7 (citations omitted); *see also Sandlain*, 2017 WL 4479370, at *4 (finding that petitioner's claim that § 2255 is inadequate or ineffective because he is actually

innocent of the career offender enhancement under *Mathis*, merely restates the argument he could have brought in his initial § 2255 motion, and possible misuse of a prior conviction as a predicate offense under the sentencing guidelines does not demonstrate actual innocence); *see also Brown*, 572 F. App'x at 608–09 (rejecting argument that petitioner is actually innocent and that the court's failure to follow the other circuits in *Prost* violated the Supreme Court's "fundamental miscarriage of justice" exception).

The petitioner has the burden to show that the remedy under §2255 is inadequate or ineffective. *Hale*, 829 F.3d at 1179. Petitioner has failed to meet that burden. The Court finds that the savings clause of § 2255(e) does not apply and therefore the Court lacks statutory jurisdiction. Accordingly,

**IT IS THEREFORE ORDERED BY THE COURT** that the petition is **dismissed without prejudice**.

**IT IS SO ORDERED**.

**Dated in Kansas City, Kansas, on this 1st day of March, 2019.**

                                             **S/ John W. Lungstrum**
                                             **JOHN W. LUNGSTRUM**
                                             **UNITED STATES DISTRICT JUDGE**